1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   TRAVON LEON FREEMAN,                    CASE NO. 1:09-cv-02146-GBC (PC)

10                    Plaintiff,            ORDER DISMISSING COMPLAINT WITH
                                            LEAVE TO AMEND
11        v.
                                            (Doc. 1)
12   LYDIA HYNSE, et al.,
                                            AMENDED COMPLAINT DUE WITHIN
13                    Defendants.           THIRTY DAYS

14   _____/

15

16   I.    **Procedural History**

17          Plaintiff Travon Leon Freeman (Plaintiff") is a state prisoner proceeding pro se and in forma

     pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint
18
     on December 10, 2009, which is currently before the Court.  Doc. 1.
19

20
     II.   **Screening**
21
           A.    **Screening Standard**
22
            The Court is required to screen complaints brought by prisoners seeking relief against a
23
     governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
24
     Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
25
     "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
26
     monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
27
     "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
28

1

1   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3         "'Under § 1915A, when determining whether a complaint states a claim, a court must accept

4   as true all allegations of material fact and must construe those facts in the light most favorable to the

5   plaintiff.'" *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden*

6   *Hayes*, 213 F.3d 443, 447 (9th Cir.2000). "'Additionally, in general, courts must construe pro se

7   pleadings liberally.'" *Id.* A complaint, or portion thereof, should only be dismissed for failure to

8   state a claim upon which relief may be granted "if it is clear that no relief could be granted under any

9   set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*,

10  467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue*

11  *v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896,

12  898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the

13  allegations of the complaint in question, and construe the pleading in the light most favorable to the

14  plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

15  (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

16        **B.    Plaintiff's Complaint**

17        Plaintiff is incarcerated at California State Prison, Corcoran and is suing under section 1983

18  for events which occurred while a prisoner at North Kern State Prison ("NKSP") in Delano

19  California and Corcoran State Prison ("CSP") in Corcoran California. Doc. 1. In his complaint,

20  Plaintiff names the following defendants: 1) Lydia Hynse (Warden at NKSP); 2) Dr. Mehdi Enam

21  (MD at NKSP); 3) R. Sanchez (RN at NKSP); 4) P. Daguman (Nurse Practitioner at NKSP); 5) Dr.

22  Liberstein (Chief Medical Officer ("CMO") at NKSP); 6) Dr. Austria (MD at NKSP); 7) Cindy

23  Beasley (SSA-HCAC at NKSP); 8) Carolyn Florez (HCAS at NKSP); 9) Dr. Soleumani (MD at

24  NKSP); 10) Dr. R. Doyan (MD at NKSP); 11) Dr. R. Down (MD at NKSP); 12) Derrall; 13) Adams

25  (Warden at Corcoran State Prison ("CSP")); 14) Julious (Acting Warden at CSP); 15) Lara Schultz

26  (former dietician at CSP); 16) J. Bondoc (Nurse Practitioner at CSP); 17) T. Cano (AC at CSP); 18)

27  L. Nelson (AC and CMO at CSP);19) J. Obaiza (Health Care Manager at CSP); 20) Dr. Neubarth

28  (MD at CSP). Doc. 1 at 2. Plaintiff seeks compensatory and punitive damages. Doc. 1 at 7.

Plaintiff alleges that on October 17, 2008, Defendant Sanchez failed to list all of Plaintiff's allergies and failed to note that Plaintiff needed a special diet to supplement food items that he should not eat as a result of his serious medical condition. Doc. 1 at 2. Due to Defendant Sanchez's omission Plaintiff's physicians were not on notice of Plaintiff's special dietary and allergy needs. Doc. 1 at 2. Defendant Dr. Mehdi Enam also failed to document that Plaintiff had an extensive allergic problem which necessitates a special diet to maintain a healthy life. Doc. 1 at 2. While at NKSP, on October 21, 2008, Plaintiff informed Defendant Daguman that Plaintiff's legs, feet and ankles swelled as a result of something that was mixed in his meal on Friday evening. Doc. 1 at 2. On October 17, 2009, "she dismissed [Plaintiff's medical concern] as only being D.V.T.[1] problems and failed to properly diagnose [Plaintiff]." Doc. 1 at 2.

According to Plaintiff, on November 19, 2008, Defendant Dr. Liberstein failed to give Plaintiff a special diet that would address is allergy condition and acid reflux disease. Doc. 1 at 2. Plaintiff alleges that Defendant Liberstein deliberately failed to accurately record what Plaintiff said of his medical condition, but rather Defendant Liberstein stated that Plaintiff's condition stemmed from playing basketball. Doc. 1 at 2. Plaintiff alleges that on November 25, 2008, Defendant Dr. Austria improperly evaluated Plaintiff's legs and concluded that Plaintiff's problem was D.V.T. despite Plaintiff's repeated assertions that the problem stemmed from an allergic reaction to food. Doc. 1 at 4. Plaintiff says that his medical condition always happens when he consumes certain foods, however, he is repeatedly ignored. Doc. 1 at 4. Defendant Austria ordered Plaintiff to go to an outside hospital to determine whether Plaintiff's condition was "edima, doppler, or clouded blood vessels." Doc. 1 at 4.

On November 25, 2008, Plaintiff was taken to San Joaquin hospital. Doc, 1 at 4. Plaintiff's legs were examined, an ultrasound was performed to evaluate Plaintiff's veins and "doppler vascular flow assistance." Doc. 1 at 4. On November 26, 2008, Larry Menestrina (D.O.) Reported that there was not evidence of D.V.T. of the right lower leg and that there was normal "doppler venous flow, patency, compressibility and augmentation of the deep veins' of the right leg. Doc. 1 at 4.

---

[1] Plaintiff does not clarify what is meant by D.V.T. From the context the Court believe Plaintiff is referring to "Deep Vein Thrombosis."

On November 26, 2008, Defendant Soleuman refused to listen to Plaintiff when Plaintiff tried to explain to Defendant Soleuman that Plaintiff's medical condition was caused by having something mixed with Plaintiff's food on October 17, 2008. Doc. 1 at 4. Defendant Soleuman said "there is not way it could be" and Plaintiff explained that the swelling of the neck, itching, hives, vomiting and stomach pain always happened when Plaintiff has consumed the wrong food and that he needed a permanent medical chrono requiring a special diet. Doc. 1 at 4.

On November 26, 2008, Defendant Soleuman informed Defendant Dr. R. Doyan of Plaintiff's medical complaints, however, Defendant Doyan failed to do anything. Doc. 1 at 4. On December 9, 2008, Plaintiff saw Defendant Daguman who again failed to enforce the diet she required for Plaintiff and did not give Plaintiff a permanent chrono for the special diet. Plaintiff was mislead to believe that his forty-seven day nightmare was over. Doc. 1 at 4.

Plaintiff filed six "sick call slips" which were not properly evaluated by Defendant Liberstein who also on November 19, 2011, refused to properly evaluate Plaintiff and prescribe him a special diet for his serious medical need. Doc. 1 at 5. On February 6, 2009, Plaintiff saw a nurse named Daisy Cena in order to discus his diet , weight loss and two weeks of stomach pains do to Plaintiff eating less food because he was "scared" to eat "mixed food and contaminated food." Doc. 1 at 5. Plaintiff reported that he had been vomiting off and on the past two weeks because he had been subjected to "mixed food" that was dangerous to his health and he believed that correctional officers were "doing it on purpose." Doc. 1 at 5. Cena referred Plaintiff to see Defendant Liberstein, however it "never happened." Doc. 1 at 5.

On April 7, 2009, after filing eighteen "form 7362" medical claims, Plaintiff saw Dr. Ukiomogbie for a 602 grievance that Plaintiff on March 31, 2009. Doc. 1 at 5. Dr. Ukiomogbie gave Plaintiff a temporary chrono of thirty days of a special diet which included peanut butter and jelly and fruit. Doc. 1 at 5. Plaintiff said it was temporary because Dr. Ukiomogbie was waiting to see what the religious chaplain was going to do with Plaintiff's vegetarian diet. Doc. 1 at 5. However, on April 9, 2009, Plaintiff was transported to Corcoran State Prison. Doc. 1 at 5.

1    Plaintiff then submits a "Second Statement of Claims" involving similar allegations
2    regarding Plaintiff's need for a special diet and prison staff's responses at Corcoran State Prison.
3    Doc. 1 at 8-13.

4

5         **C.    Eighth Amendment**

6         "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
7    must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096
8    (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part
9    test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
10   demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
11   the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
12   deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059
13   (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th
14   Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a
15   purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
16   by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

17        A plaintiff can demonstrate that prison officials were deliberately indifferent to a prisoner's
18   serious medical needs when officials delay or intentionally interfere with medical treatment. *Hallett*
19   *v. Morgan*, 296 F.3d 732, 744-45 (9th Cir. 2002) (quoting *Hamilton v. Endell*, 981 F.2d 1062, 1066
20   (9th Cir.1992)) (internal quotations omitted). However, delay resulting from "[m]ere negligence in
21   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth
22   Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v.*
23   *United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks omitted). Moreover, in
24   order to state a deliberate indifference Eighth Amendment claim resulting from a delay in medical
25   treatment, a plaintiff must demonstrate that the delay caused additional serious injury. *See Shapley*
26   *v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985); *Hutchinson v. United*
27   *States*, 838 F.2d 390, 394 (9th Cir.1988); *see also Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d
28   at 1060).

To state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

## 1.    Analysis

Plaintiff's allegations details an ongoing disagreement between Plaintiff and his treating health care providers. Plaintiff repeatedly tells Defendants that his ailments are a result of something being mixed with his meals that is causing an allergic reaction and various doctors disagree with Plaintiff and test Plaintiff for different conditions. Plaintiff's claims regarding his treatment from health care staff at North Kern State Prison and Corcoran State Prison amounts to a difference in opinion regarding treatment and does not demonstrate deliberate indifference. *See Toguchi v.*

*Chung*, 391 F.3d 1051, 1060; *Franklin v. Oregon*, 662 F.2d 1337, 1344; *Sanchez v. Vild*, 891 F.2d 240, 242.    Plaintiff fails to allege any facts that could possibly demonstrate that the course of treatment the doctors chose was medically unacceptable under the circumstance and that they chose this course in conscious disregard of an excessive risk to plaintiff's health.

**D.    Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

In this instance, there are several defendants listed in Plaintiff's complaint, However, Plaintiff has failed to allege what acts or omissions were made by all of the defendants such as Lydia Hynse, Cyndy Beasly, Carolyn Florez and R. Down.

**E.    Rule 8 and 20(a)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) *(citing Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusions are not, *id.* at 1949.  The complaint is so mired in extraneous facts, legal arguments, legal citations, and unnecessary legalese that it fails to comply with Rule 8(a).  Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims.  *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

Additionally, Plaintiff brings claims against defendants who are employed at two separate prison facilities and although the claims relate to the same illness, the conduct of prison staff at CSP are unrelated to the conduct of prison staff at NKSP and therefore, Plaintiff's claims do not stem from the same transaction or occurrence.  The Court finds that Plaintiff's complaint is in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure.  Pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action.  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (finding unrelated claims against different defendants belong in different suits).

It appears that Defendants: 1) Derrall; 2) Adams (Warden at CSP); 3) Julious (Acting Warden at CSP); 4) Lara Schultz (former dietician at CSP); 5) J. Bondoc (Nurse Practitioner at CSP); 6) T. Cano (AC at CSP); 7) L. Nelson (AC and CMO at CSP); 8) J. Obaiza (Health Care Manager at CSP); 9) Dr. Neubarth (MD at CSP) stem from Plaintiff's incarceration at Corcoran State Prison.  If Plaintiff chooses to amend his complaint, Plaintiff should only bring claims against the defendants listed from North Kern State Prison.  If Plaintiff wishes to pursue claims against defendants from Corcoran State Prison, he can file a separate action against the Corcoran State Prison defendants.

///

///

**III.     Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.   The Court will grant Plaintiff an opportunity to file an amended complaint.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 129 S.Ct. at 1948-49.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."   *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.   As a general rule, an amended complaint supersedes the original complaint.   *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).   Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.   The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed December 10, 2009, is dismissed for failure to state a claim upon which relief may be granted;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     December 7, 2011

                                                    UNITED STATES MAGISTRATE JUDGE